UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| THE ESTATE OF TAYLOR HUFF, *et al.*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-001-P-BL |
| ABILENE POLICE DEPARTMENT, *et al.*, | § § | |
| Defendants. | § § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Loren Adelsperger's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(1) and (6), FED. R. CIV. P., filed April 1, 2015. (Doc. 11). Plaintiffs filed their original complaint, with jury demand, on January 5, 2015, under 42 U.S.C. §§ 1983 and 1985, as well as state common law claims for negligence and infliction of emotional distress. (Doc. 1). On July 20, 2015, this Court recommended dismissal of counts one through five of Plaintiffs' claims (including all claims against the City of Abilene and the Abilene Police Department), which left only counts six (intentional infliction of emotional distress) and seven (negligent infliction of emotional distress) against Adelsperger. (Doc. 18). Neither party has consented to proceed before the United States Magistrate Judge.

### I. Background

On November 10, 2013, Taylor Huff, an African-American student at Hardin-Simmons University (HSU) in Abilene, Texas, was struck and killed by Tyler Alan Schaeffer, a Caucasian motorist, while crossing Ambler Avenue in Abilene. (Doc. 1, p. 3). Huff's mother, Lori Strawn,

and stepfather, Richard Strawn, brought this suit as survivors of Huff and as personal representative of Huff's estate. (Doc. 1, p. 2).

Huff played football for HSU's varsity football team. On the night of his death, Huff had spent the night and early morning driving his intoxicated teammates home. After dropping off his last passenger, a tire on Huff's car blewout. Huff left his vehicle at HSU's field house area and proceeded to walk home. At approximately 4:30 a.m., Huff was struck and killed by Schaeffer. Schaeffer struck Huff with the front right of his car. Huff was killed either at the time of the impact, or succumbed to his injuries shortly thereafter. Witnesses report that Schaeffer left the scene after striking Huff. Another motorist chased after Schaeffer and informed him of the accident after which he returned to the scene. Schaeffer informed the motorist that he believed he had struck a deer. Huff's blood tested negative for alcohol and drugs.

Plaintiffs allege that the Abilene Police Department (APD) failed to properly investigate the incident, and claim the information provided by APD to Huff's relatives conflicted with the information in the accident report. Huff's relatives then filed an open records request[1] and received "greatly redacted information," that revealed discrepancies in how the APD investigated and reported the accident. (Doc. 1, p. 4). On November 11, 2013, Defendant Adelsperger called Richard Strawn and informed him of Huff's death, and told Strawn that Huff was walking four feet from the side of the road, and that Schaeffer was given a breathalyzer test and blew a "0.0." However, APD's accident report stated that Schaeffer refused to submit to a breathalyzer, blood, or urine alcohol test. The report also states that Schaeffer refused to submit to any kind of drug testing, and was not administered any drug or alcohol tests. Schaeffer was questioned at the scene but not detained.

---

[1] The requested documents include: (1) the accident report, (2) investigative records, (3) 911 reports, (4) sworn statements from Schaeffer, and (5) statements from witnesses. (Doc. 1, p. 6).

2

On November 18, 2013, when Richard Strawn went to the APD to retrieve Huff's belongings, Adelsperger mentioned that a witness waived Schaeffer down after leaving the scene of the accident. However, an article in the *Star Telegram* newspaper dated November 11, 2013, reports that Schaeffer stopped immediately after the accident.

As a result of these discrepancies, Plaintiffs filed this suit under 42 U.S.C. §§ 1983 and 1985, for violations of the Deceased's Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as common law claims for negligence, and intentional infliction of emotional distress, and alternatively, for negligent infliction of emotional distress.

## II. Legal Standard

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). When reviewing a 12(b)(6) motion, courts are to accept "all well-pleaded facts as true and [view] those facts in the light most favorable to the plaintiffs." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (citation omitted). To avoid dismissal on a Rule 12(b)(6) motion, "a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, federal courts need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). For a 12(b)(6) motion, the

"court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014).

### III. Analysis

As noted, Plaintiffs initially raised seven causes of action in their complaint, but this Court recommended dismissal of counts one through five against all Defendants. (Doc. 18). The Court will hereafter assess the sufficiency of the allegations in counts six and seven as they relate to Defendant Adelsperger.

**A.    Count Six: Intentional Infliction of Emotional Distress**

In count six, Plaintiffs assert a state-law tort claim against Adelsperger for Intentional Infliction of Emotional Distress (IIED). In their complaint, Plaintiffs assert conclusory allegations labeling Defendant Adelsperger's actions as "outrageous under the law." (Doc. 1, p. 11). In support, Plaintiffs claim:

> Driver Schaeffer refused the breathalyzer test according to the police report. However, he was allowed to leave the scene and was not asked to or made to give blood. The police department also failed to advise Taylor Huff's parents of his death for over 8 hours. The deceased, Taylor Huff, was a black, 21 year old boy. The driver, Mr. Schaeffer was a Caucasian, 19 year old boy, and the responding police officer at the scene, Defendant Adelsperger, was also Caucasian. Defendant Adelsperger simply let the driver who had killed their son leave the scene without investigating the driver or scene at all.

(Doc. 1, p. 11). Further, Plaintiffs contend that Adelsperger's actions were "outrageous and intentional and done with malice and reckless disregard of the likelihood of causing Plaintiffs to suffer severe emotional distress." (Doc. 1, p. 11). Finally, Plaintiffs allege that they suffered

"grievous permanent injury, including severe emotional distress, pain, anguish, fear, suffering, loss of companionship, and economic damages," as a result of Adelsperger's investigation. (Doc. 1, p. 11).

The Texas Tort Claims Act (TTCA) waives the state's immunity from suit in certain circumstances, but governs "all tort theories that may be alleged against a governmental entity whether or not it waives that immunity." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 415 (5th Cir. 2015); *Franka v. Velasquez*, 332 S.W.3d 367, 378 (Tex. 2011) (holding that tort suits against the government are brought "under the act" regardless of whether the TTCA waives the government's immunity). The election of remedies provision of the TTCA reads:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2003). Actions are within the general scope of employment "if the conduct is the kind the employee is employed to perform, occurs substantially within the authorized time and space limits, and is actuated, at least in part, by a purpose to serve the employer[,] . . . even if the employee . . . used forbidden means of accomplishing results." *Jackson v. Texas S. Univ.*, 31 F. Supp. 3d 884, 889 (S.D. Tex. 2014) (quoting *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 286 (5th Cir. 1999)).

Even though Plaintiffs claim that Adelsperger is being sued solely in his individual capacity, they add, "Said Defendant is responsible, *as a police officer*, for ensuring that he and his subordinates, servants and agents obey the laws of the State of Texas and the United States."

(Doc. 1, p. 2) (emphasis added). In his motion to dismiss, Adelsperger urges the Court that dismissal is required under Texas Civil Practice and Remedies Code § 101.106(f), because he was acting under the general scope of his employment. (Doc. 12, p. 7). Plaintiffs counter that the election of remedies code is inapplicable since Adelsperger is being sued only in his individual capacity. (Doc. 17, p. 18). Plaintiffs classify their claims as "actions against persons who happen to be employed by a governmental unit, . . . but who were not, at the time they acted . . . involved in governmental actions, but were rather acting in their individual capacity to accomplish personal, non-governmental objectives." (Doc. 17, p. 18-19). Lacking justification for that position, the Court finds the Plaintiffs' argument erroneous. Further, it is clear that Adelsperger's alleged actions or inactions were of the kind that he was employed to perform and in furtherance of the Abilene Police Department's purpose. *See Jackson*, 31 F. Supp. 3d at 889. In any event, "the claims against an individual defendant in both his *individual capacity* and his *official capacity* must be dismissed if it is 'based on conduct within the general scope of that employee's employment.'" *Id.* (quoting *Franka*, 332 S.W.3d at 370) (emphasis added). Adelsperger moves the Court to dismiss the IIED claim against him pursuant to § 101.106(f). (Doc. 12, ¶ 22(B)).

Section 101.106(f) requires not only that the employee be acting within the scope of his employment, but also that the claim "could have been brought under this chapter against the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). IIED is an intentional tort under Texas state law.[2] The TTCA does not waive governmental immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057. But, "[t]he phrase 'could have been brought' in § 101.106(f) applies to claims raised under the [Texas Tort Claims] Act 'regardless

---

[2] To prevail on an IIED claim in Texas, the Plaintiffs must "prove by a preponderance of the evidence that: (1) [Defendant] acted intentionally or recklessly; (2) [his] conduct was extreme and outrageous; (3) [his] actions caused [Plaintiffs] emotional distress; and (4) the emotional distress was severe." *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006); *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 777 (S.D. Tex. 2001).

of whether the Act waives immunity from suit.'" *Jackson*, 31 F. Supp. 3d at 889; *Gil Ramirez Group, L.L.C.*, 786 F.3d at 415.

Defendant Adelsperger notes that Plaintiffs' state-law tort claims against him are covered under the TTCA. (Doc. 12, p. 7). While the TTCA does not waive governmental immunity for intentional torts like IIED, it would govern the Plaintiffs' claims since they could have been "brought under" the TTCA, regardless of whether immunity would be waived. *See Franka*, 332 S.W.3d at 385. Adelsperger moved for dismissal of this claim under § 101.106(f) on April 1, 2015. (Doc. 12, p. 7). Under that section, Plaintiffs had 30 days to amend their pleadings to dismiss Adelsperger and name the City of Abilene as a proper defendant to their TTCA claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). The Plaintiffs never amended their pleadings to comply with that statute.

Accordingly, the Court **RECOMMENDS** that Count Six be **DISMISSED** for failure to state a claim upon which relief can be granted, under Rule 12(b)(6), FED. R. CIV. P.

**B.     Count Seven: Negligent Infliction of Emotional Distress (NIED)**

In count seven, Plaintiffs claim that Adelsperger negligently inflicted emotional distress upon them as a result of this incident. Plaintiffs sparsely allege, "Defendant Lauren [sic] Q. Adelsperger's wrongful acts . . . herein-including but not limited to their [sic] improper investigative techniques, failure to properly investigate, and failure to seek evidence were extreme and outrageous and were done negligently or recklessly." (Doc. 1, p. 12). For the NEID claim, Plaintiffs claim the same injuries as detailed above in the IIED claim. (Doc. 1, p. 12).

But, "Texas law does not recognize a cause of action for negligent infliction of emotional distress." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013); *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (The Texas Supreme Court discussing its refusal to adopt the

tort of negligent infliction of emotional distress). In addition, "there is no constitutional right to have the police investigate allegations a party feels should be investigated." *White v. Owens*, No. 1:13-CV-029-C, 2013 U.S. Dist. LEXIS 189814, at *1-2 (N.D. Tex. Mar. 8, 2013); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (finding that private citizens, such as Plaintiffs, enjoys no constitutional right to have criminal charges investigated or brought against another individual). Therefore, Plaintiffs cannot sustain a claim for NEID under Texas law against Adelsperger.

Accordingly, the Court **RECOMMENDS** that Count Seven be **DISMISSED** for failure to state a claim upon which relief can be granted, under Rule 12(b)(6), FED. R. CIV. P.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** that Defendant Adelsperger's Motion to Dismiss, (Doc. 11), be **GRANTED**. The Court further **RECOMMENDS** that Counts Six and Seven be **DISMISSED for failure to state a claim** under Rule 12(b)(6), FED. R. CIV. P.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated September 24, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**