IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| THE ESTATE OF TAYLOR HUFF, BY AND THROUGH LORI STRAWN AND RICHARD STRAWN, INDIVIDUALLY, AND UPON BEHALF OF HIS HEIRS, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | 1:15-CV-001-P |
| | § | |
| CITY OF ABILENE TEXAS POLICE DEPARTMENT, CITY OF ABILENE, AND LAUREN Q. ADELSPERGER, | § § § § | |
| Defendants. | § § | |

## ORDER

After reviewing all relevant matters of record in this case, including the Report and Recommendations of the United States Magistrate Judge, in accordance with 28 U.S.C, § 636(b)(1), the Court is of the opinion that the Report and Recommendations of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Defendant's Motion to Dismiss is **GRANTED**. By agreement of the parties, the City of Abilene Police Department is **DISMISSED** from suit. All claims for wrongful death or survival brought under § 1983 are **DISMISSED with prejudice** for want of jurisdiction under Rule 12(b)(1) because re-pleading these claims would be futile[1]. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (District court need not give leave to amend if amendment would be futile.). The remainder of Counts 1-5 are **DISMISSED without prejudice**

---

[1] It is not clear to the Court which claims are being brought pursuant to wrongful death or survival statutes, but the Plaintiffs did argue wrongful death and survival statutes as a basis for standing in their response. This may mean all § 1983 claims are fully dismissed with prejudice, leaving only counts 2 and 5 to be re-pleaded.

for failure to state a claim under Rule 12(b)(6). Plaintiffs may file an amended complaint for any claims other than wrongful death or survival claims by October 16, 2015.

**IT IS SO ORDERED.**

Signed this 25th day of September, 2015.

*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE